To the Honorable Speaker and Members of the House of Representatives
State Capitol
Montgomery, Alabama
Dear Ladies and Gentlemen:
We are in receipt of House Resolution No. 264 requesting an advisory opinion relative to House Bill No. 703. The resolution reads:
“BE IT RESOLVED BY THE HOUSE OF REPRESENTATIVES OF THE LEGISLATURE OF ALABAMA, That we respectfully request the Honorable Chief Justice and Associate Justices of the Supreme Court, or a majority of them, to give this body their written opinions of the important questions which have arisen concerning the pending H.B. 703 of the 1985 regular Session, which bill pertains, inter alia, to Madison County, Alabama, and provides for an increase in county ad valorem taxes on certain residential properties in those areas of the county served by the county school board upon referendum approval of such increase by the qualified electors in such areas with such additional revenues to be used for county school purposes. Copies of said bill are attached to this Resolution and made a part hereof by reference.
“1. Would the provisions of Sections 1 and 2 of this bill violate the provisions of Amendment No. 373 of the Constitution of Alabama of 1901?
“2. Would the provisions of Sections 1 and 2 of this bill violate the provisions of chapter 8 of Title 40 of the Code of Alabama 1975?
“3. Would the provisions of Sections 1 and 2 of this bill violate the provisions *111 of Article 4, Section 105 of the Constitution of Alabama of 1901?”
The copy of H.B. 703 forwarded with the resolution réads as follows:
“A BILL
TO BE ENTITLED
AN ACT”
“Relating to Madison County; providing for an increase in county ad valorem taxes on certain properties in those areas of the county that are served by the county board of education upon referendum approval of such increase by the qualified electors in such areas and providing that such additional revenues shall be used for county school purposes.
“BE IT ENACTED BY THE LEGISLATURE OF ALABAMA:
“Section 1. The county commission of Madison County, Alabama, is hereby authorized and empowered to levy additional ad valorem taxes on residential properties located in those areas of Madison County that are served by the county board of education. The term ‘residential properties,’ as used herein, shall mean the physical structure of residence and no more than one acre of land surrounding such structure. The amount of such additional levy shall be set within limits, as prescribed by law, by the county commission and the additional revenues generated by such levy shall be used for county school purposes.
“Section 2. At ,the request of the county commission, the judge of probate of Madison County shall provide for a referendum election to be held in those areas of the county that are served by the county board of education for the purpose of determining if the qualified electors in such areas approve or disapprove of any increase in ad valorem taxes on residential properties in such areas pursuant to the provisions of Section 1 of this act. All costs associated with such election shall be paid from the county general fund and notice of such election shall be published in a newspaper of general circulation in the county at least twice prior to the date of such election. The question on the ballot at such election shall be worded substantially as follows:
“ ‘Do you approve of a _ mills increase in county property taxes which would be applicable only to residences and no more than one acre of land surrounding such residences with the revenues from such increase being used for county school purposes? Yes_No_’
“The judge of probate shall certify the results of such election in the usual manner. If a majority of the qualified electors voting in such election disapprove of such ad valorem tax increase, then, the provisions of this act shall be null and void and shall have no further force and effect. However, if a majority of the qualified electors voting in such election approve of such ad valorem tax increase, then such increase shall become effective on the first day of October next following the effective date of this act and such additional revenues shall be expended as provided in Section 1 of this act.
“[The remaining provisions have to do with severability, repeal of conflicting laws, and effective date.]”
This proposed law would tax property within the county or district at different rates. Although Amendment 373 to the Constitution of 1901 sets up different classes of property for the application of assessment ratios to determine taxable value, it explicitly mandates that the rate of taxation shall be the same on all property within the county or district. Paragraph (c) of that Amendment begins: “With respect to ad valorem taxes levied by counties, municipalities or other taxing authorities, all taxable property shall be forever taxed at the same rate.” Paragraph (b) similarly provides that the state shall tax all property at the same rate.
Nothing in the Constitution of 1901 provides for varying rates of taxation, also known as millage rates, for different types *112 of property within a county or district. Article XIV, § 269, as amended by Amendment No. Ill and implemented by Code 1975, § 16-13-180 et seq.; Amendment No. 3, implemented by Code 1975, § 16-13-160 et seq.; and Amendment No. 202 all provide general millage rate limits for county and district school taxes, but none contemplates the taxation of different kinds of property within the county or district at different millage rates.
Because H.B. 703 provides for increased millage rates only for residential structures and up to one acre of surrounding property, we are of the opinion that it violates Amendment No. 373’s constitutional requirement that all property shall be taxed at the same rate within a county or district. This being the case, we do not find it necessary to address the second and third questions presented in the resolution.
Respectfully submitted,
C.C. TORBERT, Jr. Chief Justice
HUGH MADDOX
JAMES H. FAULKNER
RENEAU P. ALMON
JANIE L. SHORES
T. ERIC EMBRY SAM A. BEATTY
OSCAR W. ADAMS, Jr. Associate Justices